THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLINTON ELLIS, Defendant-Appellant.

Third District   No. 3—91—0370

Opinion filed September 2, 1992.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant, Clinton Ellis, was convicted of unlawful possession of a stolen vehicle (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(a)(1)). On appeal, defendant contends that the prosecutor committed reversible error by making improper and prejudicial remarks during closing argument. Because we find the improper closing argument did not constitute plain error, we affirm.

The following is a summary of the evidence presented at trial. Two Joliet police officers were on patrol together on the morning of November 1, 1989. At about 4 a.m., they spotted a 1988 Oldsmobile with handicap license plate number W36698 at an intersection. The officers had received a dispatch two hours earlier which indicated that the vehicle had been stolen. They stopped the car and found two men inside. The officers identified the defendant as the driver of the car. After arresting the defendant and the passenger, the officers noticed that the left side of the steering column had been torn apart or "pealed" so that the car could be started without its key. There were pieces of the steering column on the floor of the car.

The owner of the Oldsmobile testified that the car had been stolen on the night of October 31. Defendant testified that shortly after midnight on November 1, he was approached by his friend Larry Williams, the man found in the car with the defendant by the police officers. Defendant stated that he went for a ride in Williams' car. Defendant testified that he asked Williams if he could drive because Williams was intoxicated. Williams agreed and defendant drove the car until he was stopped by the police. Williams told the defendant that the car belonged to his sister. The defendant stated that he first learned that the car was stolen when the police arrested him.

In rebuttal, the State introduced certified copies of defendant's prior convictions for theft and an offense related to motor vehicles. During closing argument, the prosecutor made the following remarks:

> "Now, ladies and gentlemen, you analyze Mr. Ellis' testimony in the same light. The State's proven everything except now analyze Mr. Ellis'. The defendant, does he have an interest or bias in this case? He certainly does, ladies and gentlemen. He does not want to be convicted of this crime. That's his interest and bias here. Would he take the stand and lie?
>
> MS. BLOCK [DEFENSE COUNSEL]: Objection.
>
> THE COURT: Overruled.
>
> MR. ZACK [PROSECUTOR]: Would he take the stand and lie, ladies and gentlemen, that's for you to decide."

The prosecutor returned to this theme in rebuttal when he stated:

"And one other thing [the defense attorney] brought up. This impacts on Mr. Ellis' life. You're right, it does. And that's, ladies and gentlemen, you're going to receive the instruction on the bias and prejudice that this has upon an individual. He has an interest here, ladies and gentlemen. He certainly does. I agree with [the defense attorney] one hundred percent. He has an interest in it. He wants you to find him not guilty. That's his interest. And that interest you have to use in judging his credibility again.

MS. BLOCK: Objection.

THE COURT: Overruled.

MR. ZACK: You use the interest of the defendant in this case to judge his credibility. *** You determine whether you're going to believe him. Does he know the car was stolen? Well, ladies and gentlemen, what else is he going to state if he takes the stand. No, I didn't know it was stolen. That's his only out here, ladies and gentlemen. That's the only way he's going to get out of this situation.

MS. BLOCK: Objection.

THE COURT: Overruled."

The jury found the defendant guilty and the court sentenced him to five years in prison.

On appeal, defendant contends that the prosecutor's comments in closing argument were improper because they implied that a defendant is presumed to lie simply because of his status as a defendant. Although defendant objected to the alleged improper comments at trial, he failed to raise this issue in his post-trial motion. It is well established that to preserve an issue for review both a trial objection and a written post-trial motion raising the issue are required. (*People v. Burrows* (1992), 148 Ill. 2d 196, 592 N.E.2d 997.) Therefore, we can only reverse if the comments constitute plain error (134 Ill. 2d R. 615(a)). Plain error is defined as error of such magnitude that it denied defendant a fair trial, or error in a trial where the evidence is closely balanced. (*People v. Whitehead* (1987), 116 Ill. 2d 425, 508 N.E.2d 687.) Moreover, improper prosecutorial remarks will not justify setting aside a conviction unless they resulted in substantial prejudice and were a material factor in the conviction. *People v. Thomas* (1988), 172 Ill. App. 3d 172, 526 N.E.2d 467.

While a prosecutor may properly comment on the credibility of any witness (*People v. Flores* (1989), 128 Ill. 2d 66, 538 N.E.2d 481), a prosecutor may not argue that a defendant who testifies has

an interest in avoiding a conviction. This court recently voiced its disapproval of this tactic in *People v. Watts* (1992), 225 Ill. App. 3d 604, 588 N.E.2d 405. In *Watts*, we held that such comments are improper because they imply that a defendant has a motive to lie simply because of his status as a defendant. A defendant has no motive to lie if he did not commit the crime charged. By arguing that the defendant has a motive to lie, the State is also implying that the defendant committed the crime. Such an implication contravenes the fundamental principle that a defendant is presumed innocent until proven guilty. The prosecutor's comments were indeed improper.

■ We find, however, that these comments did not rise to the level of plain error. The evidence in this case was not closely balanced. Defendant was found driving the car only a few hours after it was stolen. The steering column was severely damaged, and pieces of it were on the floor of the car. The car was apparently operating without keys at the time it was stopped by the police officers. In light of this evidence, defendant's claim that he did not know the car was stolen is certainly suspect. We cannot say that the outcome of the trial would have been different if the improper comments had not been made. (*People v. Moman* (1990), 201 Ill. App. 3d 293, 558 N.E.2d 1231.) The comments therefore did not deprive the defendant of a fair trial. However, we again stress our disapproval of the tactic employed by the State in this case, and we reiterate the caveat set out in *Watts* that under different circumstances it could lead to reversible error.

■ Defendant also complains of another allegedly improper comment made by the prosecutor during closing argument. The prosecutor stated:

> "Ladies and gentlemen, there's only person [*sic*] in this courtroom that was seated in that car with the column pealed [*sic*] back and that's Clinton Ellis."

Defendant argues that this comment was improper because: (1) it implied that the prosecutor had evidence of the defendant's guilt that was not produced at trial, and (2) it implied that he was being prosecuted only because he was in fact guilty of the offense. We fail to see how the comment makes either implication. The prosecutor was simply arguing inferences drawn from the facts.

For the reasons stated above, the judgment of the circuit court of Will County is affirmed.

Affirmed.

GORMAN and McCUSKEY, JJ., concur.