THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONNA L. CROWDER, Defendant-Appellant.

Third District No. 3—91—0735

Opinion filed January 5, 1993.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

A jury found the defendant, Donna L. Crowder, guilty of attempted murder, aggravated battery with a firearm, and aggravated discharge of a firearm (Ill. Rev. Stat. 1991, ch. 38, pars. 8—4, 9—1, 12—4.2, 24—1.2). She was sentenced to a 10-year term of imprisonment. She appeals, and we reverse and remand for a new trial.

The victim, Jerry Gray, testified that the defendant shot him. He explained that the day before the shooting, the defendant had given him five bags of crack cocaine to sell. He, in turn, gave the crack to a man named Mookie to sell.

The next day, the defendant asked Gray for the money from the sale of the crack. Gray told her that Mookie had her money. Thereafter, the defendant yelled that she was going to shoot him in the head if she did not get her money or drugs back. The defendant then told him to find Mookie. When they could not find Mookie in the immediate area, the defendant told him to get in a car that was being driven by Norvail Noland.

After Gray and the defendant got into the car, Noland drove to his own home and went into the house to get a gun. Gray testified that when Noland returned to the car, he gave a .38 caliber revolver to the defendant. The defendant checked to see if it was loaded and told Gray that she was going to shoot him. Noland then drove to a nearby alley and stopped the car.

The defendant told Gray to get out of the car and to start running. He got out of the car, and after going about five feet, looked

back and saw the defendant pointing a gun at him. She then pulled the trigger, firing a shot that hit him in the lower back.

On cross-examination it was determined that Gray told the police several different versions of the event. He only told the police that the defendant shot him after he received a threatening telephone call from Noland.

The defendant testified that she did not shoot Gray or threaten him. She stated that he did not owe her any money and that she had never given him any drugs to sell. She explained that on the day Gray was shot, she was with him and Noland. They had all gone to Noland's home. However, she did not know why Noland went to his house. She stated that Noland went inside, and when he came out, he was not carrying anything.

Noland got back into the car, drove to an alley, and told Gray to get out of the car. When Gray did so, Noland shot him. The defendant testified that she did not see Noland with a gun prior to his shooting Gray.

Noland testified that he shot Gray with a .38 caliber revolver. He stated that Gray had lost some drugs which belonged to him. Noland said that he had been wearing a jacket and had the gun in the waistband of his pants when he met with the defendant and Gray. When the three got into his car, he did not drive to his home. Instead, he drove straight to an alley and told Gray to get out of the car. Noland also stated that after he had shot Gray, the defendant started crying and asked him why he had shot her friend.

Noland also testified that he pled guilty to the shooting of Gray about six weeks prior to the defendant's trial. On the day of his plea, he also pled guilty to a separate charge of aggravated battery with a firearm involving another victim.

Following the presentation of evidence, a conference on jury instructions was held. The court agreed to give a State-tendered jury instruction on the theory of accountability. Although the defendant did not object to the giving of this instruction at trial, she raised the issue in her post-trial motion. In ruling on the issue, the trial court found that the evidence was closely balanced and it would review the issue under the plain error rule. The court then held that there was sufficient evidence presented for the jury to be instructed on the theory of accountability. Accordingly, it denied the defendant's motion for a new trial.

On appeal, the defendant first argues that the court erred in giving an accountability jury instruction. Specifically, she states that it is improper to give an accountability instruction where the evidence

shows that the defendant, if guilty, was guilty as a principal and not an accessory.

Generally, a defendant waives any error contained in jury instructions if she does not object. However, if the interests of justice require, substantial defects in jury instructions in criminal cases may be considered. This exception will be invoked to correct errors in cases so closely balanced that fundamental fairness requires that the jury be properly instructed. *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141.

■ We find that the instant case involves such error. An accountability instruction should not be given when the evidence establishes that the defendant was a principal and not an accessory. Guilt predicated on an accountability theory is proper only if the other evidence is inconclusive as to the defendant's direct participation in the crime. *People v. Lusietto* (1976), 41 Ill. App. 3d 205, 353 N.E.2d 385.

In the case at hand, the evidence clearly showed that the defendant was either a principal in the shooting of Gray, or that she played no part whatsoever. Gray testified that the defendant shot him. As such, under his testimony the defendant was guilty as the principal.

On the other hand, defense testimony showed that Noland was the principal and that the defendant did not participate in any manner in the shooting. Noland testified that he shot Gray and that he had hidden the gun underneath his jacket in the waistband of his pants. Nothing in the defense's evidence showed that the defendant knew Noland had a gun or that he intended to shoot Gray. As such, no evidence was presented showing that the defendant intended to promote or facilitate the commission of the shooting. Accordingly, we find that the instruction was improper, and we reverse the defendant's convictions and remand for a new trial.

Although the defendant's remaining issues raised on appeal are now moot due to our disposition of this case, we nonetheless will briefly address the improper remarks made by the prosecutor in closing argument.

During closing arguments, the prosecutor made the following remarks:

> "Donna Crowder, what's her interest, bias or prejudice? Well, she's the Defendant here, she stands a chance of getting convicted. That's one very large reason she should have of trying to slant her testimony, of trying to shift the blame away. It's not pleasant to be convicted, especially at her age."

■ We find these remarks to be improper. (See *People v. Watts* (1992), 225 Ill. App. 3d 604, 588 N.E.2d 405.) We condemn the prose-

cutor for making such comments since they clearly imply that a defendant is presumed to lie simply because of her status as a defendant. In addition, they diminish the defendant's fundamental right to the presumption of innocence. As such, the prosecutor must refrain from making such comments in the future.

The judgment of the circuit court of Peoria County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McCUSKEY, P.J., and BARRY, J., concur.