THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEVIN D. ARMSTRONG, Defendant-Appellant.

Fourth District    No. 4—94—0624

Opinion filed September 26, 1995.

504

Daniel D. Yuhas, Gary R. Peterson, and Debra Boggess, all of State Appellate Defender's Office, of Springfield, for appellant.

Patrick W. Kelley, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On January 28, 1994, following a jury trial in the circuit court of Sangamon County, defendant Kevin D. Armstrong was convicted of the offense of robbery (720 ILCS 5/18—1 (West 1992)). He was acquitted of a charge of armed robbery. He was subsequently sentenced to a term of three years' imprisonment. Defendant maintains on appeal he was denied his right to a fair trial when the prosecution made improper comments about the defendant during closing argument. We affirm.

As no question is raised as to the sufficiency of the evidence to support the verdict, we discuss the evidence only in a very summary fashion. Perry Dalsin testified that on the evening of November 11, 1993, at about 9:45 p.m. as he was approaching his home, a man with a hood over his head approached him, drew a gun and demanded his money. Dalsin stated that he gave the man his wallet. Others testified they saw the episode, came to help Dalsin, chased a person they had seen pushing Dalsin to the ground, and lost sight of him. They then came upon defendant, who appeared to be out of breath, stopped him, and the police came and took defendant into custody. Defendant testified that he was on his way home from playing basketball when he was stopped. He denied committing the robbery. Evidence was introduced in rebuttal to show that defendant had been convicted of two prior felonies.

The first sequence of allegedly improper closing argument made by the prosecutor occurred during the prosecution's first portion of closing argument as follows:

"Finally, we need to consider the credibility of the defendant himself who has two prior felony convictions. Now, that—Judge Myerscough will instruct you the evidence that a witness has been convicted of an offense may be considered by you only as it may affect the believability of the witness. Ladies and gentlemen, what motive will the defendant have for not telling the truth today? The defendant has every motive in the world for not telling the truth. He is facing felony charges. He has every motive to lie. Ladies and gentlemen, the evidence is compelling. The evidence is—

MR. MILLER: Your Honor, I'm going to object to this statement that my client has every motive to lie. I think that that is beyond reasonable argument; and it's prejudicial and inflammatory; and it's not proper to make that kind of comment.

THE COURT: Your objection is overruled. You may continue.

MR. PAGE: Thank you, Your Honor.

Ladies and gentlemen, the evidence is compelling. The evidence is conclusive against the defendant Kevin Armstrong. Therefore, we would ask that you do justice in this case and you find the defendant guilty as charged. Thank you.

THE COURT: Thank you, Mr. Page."

The second passage occurred during the rebuttal portion of the State's closing argument. The State argued as follows:

"The question is who did it? Was it this defendant? The evidence leaves no doubt whatsoever that Kevin Armstrong is the man, is the robber who robbed Perry Dalsin. We have the two positive, positive I.D.s from Dawn Leutenmayer and Larry Ritz. Were they tentative or uncertain? No, absolutely certain. No doubt in their mind.

If you buy the defendant's story, you have to completely disbelieve Larry Ritz and Dawn Leutenmayer.

And Mr. Page amply commented on the defendant's credibility. You can consider in assessing his credibility the fact that he does have two felony convictions, the fact that he does have an interest and a bias in the outcome of this case certainly. But does the testimony of Leutenmayer and Ritz stand alone? No.

Now, I'm going to get that corroboration I've been talking about. Their testimony is supportive up and down the line by the facts of this case."

■ Citing *People v. Smothers* (1973), 55 Ill. 2d 172, 176, 302 N.E.2d 324, 326-27, defendant recognizes that the circuit court has great discretion in determining whether argument is proper and that decision should not be overturned on appeal unless the trial court clearly abuses its discretion. Relying principally upon *People v. Crowder*

(1993), 239 Ill. App. 3d 1027, 607 N.E.2d 277, defendant maintains that discretion was breached here. There, in a felony prosecution for attempt (murder) and other lesser offenses, the court held that reversible plain error arose because of the failure to give proper instruction to the jury and reversed and remanded. By way of *dictum*, the court indicated that error had resulted from the prosecution's closing argument. That court reasoned as follows:

> "During closing arguments, the prosecutor made the following remarks:
>
> > 'Donna Crowder, what's her interest, bias or prejudice? Well, she's the Defendant here, she stands a chance of getting convicted. That's one very large reason she should have of trying to slant her testimony, of trying to shift the blame away. It's not pleasant to be convicted, especially at her age.'
>
> We find these remarks to be improper. (See *People v. Watts* (1992), 225 Ill. App. 3d 604, 588 N.E.2d 405.) We condemn the prosecutor for making such comments since they clearly imply that a defendant is presumed to lie simply because of her status as a defendant. In addition, they diminish the defendant's fundamental right to the presumption of innocence. As such, the prosecutor must refrain from making such comments in the future." *Crowder*, 239 Ill. App. 3d at 1030-31, 607 N.E.2d at 280.

In *Watts*, in a prosecution for aggravated criminal assault, the defendant testified in his own behalf. In closing argument, the prosecutor said that the defendant had a motive to lie because he was subject to being convicted. On appeal from the conviction, the appellate court concluded that the argument was erroneous, but the evidence was not evenly balanced and the argument did not constitute plain error. Thus, the error was waived because it was not preserved by objection in the trial court. The opinion stated that the comments were improper "because they implied that the defendant lied simply because of his status as a defendant." *Watts*, 225 Ill. App. 3d at 607, 588 N.E.2d at 407.

*Crowder* and *Watts* were both decided by the appellate court for the third district. We respectfully disagree with our esteemed colleagues of that district in regard to the propriety of the type of argument involved there and here. One of the most elementary of the jury instructions approved for use in this State provides as follows:

> "Only you are the judges of the believability of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his ability and opportunity to observe, [his age,] his memory, his manner while testifying, any interest, bias, or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence in the case.

[You should judge the testimony of [(a) (the)] defendant[s] in the same manner as you judge the testimony of any other witness.]" Illinois Pattern Jury Instructions, Criminal, No. 1.02 (3d ed. 1992).

■ Here, as in *Crowder* and *Watts*, the defendant testified and his testimony was to be examined by the jury in the same manner as the testimony of other witnesses. Here, as there, the jury was to consider the defendant's "bias or prejudice." Surely the fact that the defendants were charged with a felony and likely to receive imprisonment if convicted constituted a bias affecting the credibility of these defendants. Similarly, the "reasonableness of [the] testimony of" the defendants was properly considered in determining the weight to be given to their testimony. The parties do not dispute that here the prior felony conviction of the defendant was also an element to consider in determining the weight to be given to the defendant's testimony.

Clearly, if the jury could properly consider the foregoing elements, argument calling those matters to the attention of a jury, albeit forcefully, is entirely proper and should not be considered to be error. The type of argument does not imply the existence of any presumptions against the defendant and does not "diminish" the presumption of the defendant's innocence any more than would any argument concerning affirmative evidence of a defendant's guilt or impeaching evidence concerning a defendant's credibility.

We recognize that, in the past, courts have passed upon the propriety of prosecutorial arguments which imply or expressly state that the accused is a liar upon the basis of whether the evidence supports such a conclusion. (*People v. King* (1989), 182 Ill. App. 3d 501, 506, 538 N.E.2d 230, 233; *People v. Steffens* (1985), 131 Ill. App. 3d 141, 150, 475 N.E.2d 606, 614.) Those decisions do little to define what may be argued, because in almost every case where the defendant has testified, a variance exists between the evidence of the prosecution and the testimony of the defendant.

We note that here the State's argument makes clear that the State is asking the jury to find that the State's evidence is sufficient to find defendant guilty beyond a reasonable doubt and that defendant's version of the events is not likely to be true because he is likely to be lying. That argument was proper.

Accordingly, we affirm.

Affirmed.

KNECHT, P.J., and McCULLOUGH, J., concur.