(No. 81389.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GEORGE BARNEY, Appellant.

*Opinion filed March 20, 1997.*

Daniel D. Yuhas, Deputy Defender, and Jeffrey D. Foust, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield, and Michael D. Clary, State's Attorney, of Danville (Barbara A. Preiner, Solicitor General, and Arleen C. Anderson and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

The issue in this case is whether a criminal defendant who has testified on his own behalf is entitled to a new trial because the prosecutor told the jury during closing argument that the defendant had an interest or

bias in being found not guilty. Adhering to its recent decision in *People v. Armstrong*, 275 Ill. App. 3d 503 (1995), the Fourth District of the Appellate Court held that such remarks did not constitute reversible error, reasoning that the State is entitled to comment on the bias or prejudice of the defendant, just as it may with any other witness. No. 4—94—0850 (unpublished order under Supreme Court Rule 23).

The appellate court's position has been followed by the First Division of the First District of the Appellate Court, which held that argument by the prosecutor "that asks the jury to consider a defendant's interest in the outcome of the case in evaluating his credibility is proper." *People v. Falconer*, 282 Ill. App. 3d 785, 790 (1996). By contrast, the Third District of the Appellate Court (*People v. Walton*, 246 Ill. App. 3d 552, 555 (1993); *People v. Crowder*, 239 Ill. App. 3d 1027, 1030-31 (1993); *People v. Ellis*, 233 Ill. App. 3d 508, 511 (1992); *People v. Watts*, 225 Ill. App. 3d 604, 606-07 (1992)) and the Second Division of the First District of the Appellate Court (*People v. Cross*, 272 Ill. App. 3d 354, 364 (1995)) have taken the position that such comments constitute reversible error because they imply that a defendant is presumed to lie simply because of his status as a defendant and diminish his fundamental right to the presumption of innocence. We granted defendant's petition for leave to appeal (155 Ill. 2d R. 315) to resolve this conflict among the districts, and for the reasons that follow, we affirm.

The facts pertinent to the case are straightforward. Defendant was searched by police following his arrest for driving without a license. During the course of the search, police found what turned out to be cocaine in one of defendant's coat pockets. Based on that discovery, defendant was charged with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1992))

and unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(d) (West 1992)).

Defendant was given a jury trial on the charge of unlawful possession. At trial, defendant did not deny that there was cocaine in his coat pockets. His defense was that he should not be found guilty because the law requires that the possession be knowing (720 ILCS 570/402 (West 1992)) and that element was not present here. According to defendant, the coat was not his—it belonged to his mother—and he had no idea that there were illegal drugs in the pockets at the time of his arrest.

Defendant presented various witnesses to substantiate that the coat was, in fact, his mother's and not his. The most significant testimony came from defendant himself, who told the jury that he owned no coat of his own, that he usually wears one of his brother's coats, that this coat was just lying around the house, that although the coat belonged to his mother she was no longer staying at the house, that he had worn the coat occasionally, that other people had worn the coat as well, and that he had not known that small plastic bags containing the cocaine were located in the pockets.

At the close of the evidence, an instructions conference was held during which the court indicated its intention to use Illinois Pattern Jury Instructions, Criminal, No. 1.02 (3d ed. 1992), a standard instruction given to the jury in nearly every criminal case. The court used the version of the instruction applicable where, as here, a defendant has testified. The instruction provided:

> "Only you are the judges of the believability of the witnesses and of the weight to be given to the testimony of each of them. In considering the testimony of any witness, you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence in the case.

> You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness."

In contemplation of this instruction, the prosecutor addressed the issue of defendant's bias during closing arguments. He stated:

> "Obviously the defendant has an interest or bias here, and that interest or bias here is that, you know, he wants to be found not guilty."

This remark drew an unsuccessful objection and motion for mistrial, and it is the basis for this appeal.

Defendant was ultimately found guilty and sentenced to $2^1/2$ years' probation. Pursuant to an agreement with the prosecutor, he subsequently pleaded guilty to the companion charge of unlawful possession with intent to deliver and received the identical sentence, $2^1/2$ years' probation, to be served concurrently.

Defendant has never attempted to withdraw his guilty plea for the offense of unlawful possession with intent to deliver, but he did file a post-trial motion with respect to his conviction on the unlawful possession charge. That motion contended, *inter alia*, that the prosecution should not have been permitted to make the argument that defendant was biased because he had an interest in being acquitted.

Defendant's post-trial motion was denied. The appellate court subsequently affirmed in an unpublished order under Supreme Court Rule 23, invoking its recent decision in *People v. Armstrong*, 275 Ill. App. 3d 503 (1995), to hold that the prosecutor's remarks were not improper. This appeal followed.

In assailing the judgment of the appellate court, defendant contends that the prosecutor's remarks were improper and that he should be granted a new trial because the challenged remarks contravened his presumption of innocence. This argument was previously considered and rejected by the Fourth District in *People*

*v. Armstrong*, 275 Ill. App. 3d 503 (1995), and by the First Division of the First District of the Appellate Court in *People v. Falconer*, 282 Ill. App. 3d 785, 790 (1996). Although a contrary position has been taken by judges in the Third District of the Appellate Court (see *People v. Walton*, 246 Ill. App. 3d 552, 555 (1993); *People v. Crowder*, 239 Ill. App. 3d 1027, 1030-31 (1993); *People v. Ellis*, 233 Ill. App. 3d 508, 511 (1992); *People v. Watts*, 225 Ill. App. 3d 604, 606-07 (1992)) and the Second Division of the First District of the Appellate Court (see *People v. Cross*, 272 Ill. App. 3d 354, 364 (1995)), we cannot agree with the reasoning in this second line of cases.

Where, as here, a prosecutor suggests to the members of the jury that a defendant's testimony is biased because he has an interest in the outcome of the case, the prosecutor is not telling them anything they do not know and are not already thinking. The notion that the possibility of conviction may color a defendant's testimony is so basic, so rooted in common experience and human nature, that it would be taken into account by the jurors whether the prosecutor mentioned it or not. When the prosecution makes the point during closing argument, it is merely stating the obvious. The complexion of the case is unchanged.

Defendant contends that a prosecutor's reference to an accused's interest in acquittal is nevertheless improper because of an overriding consideration, the presumption of innocence. We note, however, that assailing a defendant's testimony by pointing out his interest in being acquitted no more erodes the presumption of innocence than any other attempt by the State to prove its case and refute the evidence presented by the defense. The presumption of innocence remains. Arguing bias is merely one means for the State to try to rebut that presumption.

When the defendant contends that the State should

not be allowed to argue that he is biased because he has an interest in avoiding conviction, what he is really suggesting is that his testimony should be cloaked with a presumption of veracity. No such presumption exists. As Illinois Pattern Jury Instructions, Criminal, No. 1.02 (3d ed. 1992), recognizes, the testimony of a criminal defendant is entitled to no greater deference than the testimony of any other witness. This court made that clear nearly 40 years ago when it expressly held:

"When a defendant elects to testify in his own behalf, his credibility is to be tested by the usual rules applicable to other witnesses. In determining the credibility of a witness, including a defendant, the jury may take into consideration, among other things, the probability or improbability of the truth of his statements in the light of human experience. [Citations.] The jury are not entitled to disregard the accused's testimony merely because he is the defendant in the case, but it may consider his interest in the result of the trial in weighing his testimony." *People v. Malmenato*, 14 Ill. 2d 52, 59 (1958).

These principles remain the law in Illinois, and they are dispositive of this appeal. Because the jury was entitled to consider the defendant's interest in the result of the trial in weighing his testimony, the prosecutor's statement that defendant had an interest or bias in being found not guilty was not reversible error.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*