NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of the opinion

to request a rehearing. Also, opinions are subject to modification, correction or withdrawal at

anytime prior to issuance of the mandate by the Clerk of the Court. Therefore, because the

following slip opinion is being made available prior to the Court's final action in this matter,

it cannot be considered the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of Decisions in the Official

Reports advance sheets following final action by the Court.

                                    

                   No. 81389--Agenda 5--January 1997.

    THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GEORGE BARNEY,

                               Appellant.

                      Opinion filed March 20, 1997.

                                    

     JUSTICE HARRISON delivered the opinion of the court:

     The issue in this case is whether a criminal defendant who has

testified on his own behalf is entitled to a new trial because the

prosecutor told the jury during closing argument that the defendant

had an interest or bias in being found not guilty. Adhering to its

recent decision in People v. Armstrong, 275 Ill. App. 3d 503

(1995), the Fourth District of the Appellate Court held that such

remarks did not constitute reversible error, reasoning that the

State is entitled to comment on the bias or prejudice of the

defendant, just as it may with any other witness. No. 4--94--0850

(unpublished order under Supreme Court Rule 23).

     The appellate court's position has been followed by the First

Division of the First District of the Appellate Court, which held

that argument by the prosecutor "that asks the jury to consider a

defendant's interest in the outcome of the case in evaluating his

credibility is proper." People v. Falconer, 282 Ill. App. 3d 785,

790 (1996). By contrast, the Third District of the Appellate Court

(People v. Walton, 246 Ill. App. 3d 552, 555 (1993); People v.

Crowder, 239 Ill. App. 3d 1027, 1030-31 (1993); People v. Ellis,

233 Ill. App. 3d 508, 511 (1992); People v. Watts, 225 Ill. App. 3d

604, 606-07 (1992)) and the Second Division of the First District

of the Appellate Court (People v. Cross, 272 Ill. App. 3d 354, 364

(1995)) have taken the position that such comments constitute

reversible error because they imply that a defendant is presumed to

lie simply because of his status as a defendant and diminish his

fundamental right to the presumption of innocence. We granted

defendant's petition for leave to appeal (155 Ill. 2d R. 315) to

resolve this conflict among the districts, and for the reasons that

follow, we affirm.

     The facts pertinent to the case are straightforward. Defendant

was searched by police following his arrest for driving without a

license. During the course of the search, police found what turned

out to be cocaine in one of defendant's coat pockets. Based on that

discovery, defendant was charged with unlawful possession of a

controlled substance (720 ILCS 570/402(c) (West 1992)) and unlawful

possession of a controlled substance with intent to deliver (720

ILCS 570/401(d) (West 1992)).

     Defendant was given a jury trial on the charge of unlawful

possession. At trial, defendant did not deny that there was cocaine

in his coat pockets. His defense was that he should not be found

guilty because the law requires that the possession be knowing (720

ILCS 570/402 (West 1992)) and that element was not present here.

According to defendant, the coat was not his--it belonged to his

mother--and he had no idea that there were illegal drugs in the

pockets at the time of his arrest.

     Defendant presented various witnesses to substantiate that the

coat was, in fact, his mother's and not his. The most significant

testimony came from defendant himself, who told the jury that he

owned no coat of his own, that he usually wears one of his

brother's coats, that this coat was just lying around the house,

that although the coat belonged to his mother she was no longer

staying at the house, that he had worn the coat occasionally, that

other people had worn the coat as well, and that he had not known

that small plastic bags containing the cocaine were located in the

pockets.

     At the close of the evidence, an instructions conference was

held during which the court indicated its intention to use Illinois

Pattern Jury Instructions, Criminal, No. 1.02 (3d ed. 1992), a

standard instruction given to the jury in nearly every criminal

case. The court used the version of the instruction applicable

where, as here, a defendant has testified. The instruction

provided:

               "Only you are the judges of the believability of the

          witnesses and of the weight to be given to the testimony

          of each of them. In considering the testimony of any

          witness, you may take into account his ability and

          opportunity to observe, his memory, his manner while

          testifying, any interest, bias or prejudice he may have,

          and the reasonableness of his testimony considered in the

          light of all the evidence in the case.

               You should judge the testimony of the defendant in

          the same manner as you judge the testimony of any other

          witness."

     In contemplation of this instruction, the prosecutor addressed

the issue of defendant's bias during closing arguments. He stated:

               "Obviously the defendant has an interest or bias

          here, and that interest or bias here is that, you know,

          he wants to be found not guilty."

This remark drew an unsuccessful objection and motion for mistrial,

and it is the basis for this appeal.

     Defendant was ultimately found guilty and sentenced to 2½

years' probation. Pursuant to an agreement with the prosecutor, he

subsequently pleaded guilty to the companion charge of unlawful

possession with intent to deliver and received the identical

sentence, 2½ years' probation, to be served concurrently.

     Defendant has never attempted to withdraw his guilty plea for

the offense of unlawful possession with intent to deliver, but he

did file a post-trial motion with respect to his conviction on the

unlawful possession charge. That motion contended, inter alia, that

the prosecution should not have been permitted to make the argument

that defendant was biased because he had an interest in being

acquitted.

     Defendant's post-trial motion was denied. The appellate court

subsequently affirmed in an unpublished order under Supreme Court

Rule 23, invoking its recent decision in People v. Armstrong, 275

Ill. App. 3d 503 (1995), to hold that the prosecutor's remarks were

not improper. This appeal followed.

     In assailing the judgment of the appellate court, defendant

contends that the prosecutor's remarks were improper and that he

should be granted a new trial because the challenged remarks

contravened his presumption of innocence. This argument was

previously considered and rejected by the Fourth District in People

v. Armstrong, 275 Ill. App. 3d 503 (1995), and by the First

Division of the First District of the Appellate Court in People v.

Falconer, 282 Ill. App. 3d 785, 790 (1996). Although a contrary

position has been taken by judges in the Third District of the

Appellate Court (see People v. Walton, 246 Ill. App. 3d 552, 555

(1993); People v. Crowder, 239 Ill. App. 3d 1027, 1030-31 (1993);

People v. Ellis, 233 Ill. App. 3d 508, 511 (1992); People v. Watts,

225 Ill. App. 3d 604, 606-07 (1992)) and the Second Division of the

First District of the Appellate Court (see People v. Cross, 272

Ill. App. 3d 354, 364 (1995)), we cannot agree with the reasoning

in this second line of cases.

     Where, as here, a prosecutor suggests to the members of the

jury that a defendant's testimony is biased because he has an

interest in the outcome of the case, the prosecutor is not telling

them anything they do not know and are not already thinking. The

notion that the possibility of conviction may color a defendant's

testimony is so basic, so rooted in common experience and human

nature, that it would be taken into account by the jurors whether

the prosecutor mentioned it or not. When the prosecution makes the

point during closing argument, it is merely stating the obvious.

The complexion of the case is unchanged.

     Defendant contends that a prosecutor's reference to an

accused's interest in acquittal is nevertheless improper because of

an overriding consideration, the presumption of innocence. We note,

however, that assailing a defendant's testimony by pointing out his

interest in being acquitted no more erodes the presumption of

innocence than any other attempt by the State to prove its case and

refute the evidence presented by the defense. The presumption of

innocence remains. Arguing bias is merely one means for the State

to try to rebut that presumption.

     When the defendant contends that the State should not be

allowed to argue that he is biased because he has an interest in

avoiding conviction, what he is really suggesting is that his

testimony should be cloaked with a presumption of veracity. No such

presumption exists. As Illinois Pattern Jury Instructions,

Criminal, No. 1.02 (3d ed. 1992), recognizes, the testimony of a

criminal defendant is entitled no greater deference than the

testimony of any other witness. This court made that clear nearly

40 years ago when it expressly held:

               "When a defendant elects to testify in his own

          behalf, his credibility is to be tested by the usual

          rules applicable to other witnesses. In determining the

          credibility of a witness, including a defendant, the jury

          may take into consideration, among other things, the

          probability or improbability of the truth of his

          statements in the light of human experience. [Citations.]

          The jury are not entitled to disregard the accused's

          testimony merely because he is the defendant in the case,

          but it may consider his interest in the result of the

          trial in weighing his testimony." People v. Malmenato, 14

          Ill. 2d 52, 59 (1958).

     These principles remain the law in Illinois, and they are

dispositive of this appeal. Because the jury was entitled to

consider the defendant's interest in the result of the trial in

weighing his testimony, the prosecutor's statement that defendant

had an interest or bias in being found not guilty was not

reversible error.

     For the foregoing reasons, the judgment of the appellate court

is affirmed.

 Affirmed.