THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID ADAMS, Defendant-Appellant.

Third District   Nos. 3—87—0363, 3—87—0364 cons.

Opinion filed April 21, 1988.

Robert Agostinelli and Catherine Fitzsimmons, both of State Appellate
Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Edward

P. Morrissey, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, David Adams, appeals from his sentences imposed on probation revocation. We affirm.

The defendant pleaded guilty to two counts of unlawful delivery of a controlled substance containing cocaine. One count was for delivery of less than 10 grams and one count was for delivery of more than 10 and less than 30 grams. (Ill. Rev. Stat. 1983, ch. 56½, pars. 1401(b)(2), (c) (respectively).) Pursuant to plea negotiations, he was initially sentenced to fines plus four years' probation with 15 months' concurrent periodic imprisonment on each charge. Thereafter, his sentence was modified to include 2 months and 26 days jail in lieu of the remaining periodic imprisonment.

Approximately two months after the defendant's jail release in April of 1986, the State filed a petition to revoke probation alleging that the defendant had kicked and stabbed Karen Petrakis, his cohabiting girlfriend. The defendant admitted to the State's amended petition to revoke. That petition alleged that during his probation, the defendant was convicted of aggravated battery.

Following a hearing, the court revoked the defendant's probation and imposed concurrent sentences of 4½ years' and 5½ years' imprisonment on the respective delivery counts. The defendant brought this appeal, seeking a remand for resentencing. He argues that the court improperly considered in aggravation the harm caused by the delivery of controlled substances, as that factor is implicit in the offense; he also argues that his sentence was excessive as the court failed to consider his recently increased potential for rehabilitation.

The court's comments before pronouncing sentence included the following.

"The offenses for which the defendant is now being sentenced are both offenses of unlawful delivery of a controlled substance. Those offenses are not violent offenses in the sense that they would cause harm by way of some instrument or method such as a battery would, or some harming in that, to that extent.

The Court would, of course, note that the delivery of a controlled substance shows an indication that, or is an offense which the defendant should realize is not going to do anybody any good. Providing controlled substances to someone means that either you are sustaining them on the habit or practice of

using illegal drugs; or perhaps you are starting them on the habit, either starting or sustaining a habit. And, of course, we know of the great harm that comes as a result of illegal drugs. It's not harm in the sense of beating someone up—sometimes both physical and mental harm, and the consequences are just as great. And I think that would have had to have been contemplated by the defendant."

Referring to those comments, the defendant argues, with reliance on *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906, that the sentencing court improperly considered the harm caused by the delivery of controlled substances when the legislature had considered that factor, which was implicit in the crime, in setting penalties for the offenses.

In *Conover* and related cases, courts have held that a factor necessarily implicit in an offense should not be used as an aggravating factor at sentencing. However, *Conover* and the related cases, with their discussions of improper sentence aggravation, do not resolve the question before us.

As the State observes, the instant comments by the court were part of the court's findings in mitigation, not part of its findings in aggravation. With the instant comments, the court explicitly rejected the statutory mitigating factors that the defendant's conduct neither caused nor threatened serious physical harm to another and that the defendant did not contemplate that his criminal conduct would cause serious physical harm to another. (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—5—3.1(a)(1), (a)(2) (respectively).) The court thoroughly explained why it found that the defendant's sentence should not be mitigated by the absence of actual, threatened, or contemplated harm to another. However, we find no evidence in the record to support the defendant's bald assertion that the court aggravated the defendant's sentence in connection with the instant factors.

The court's explicit rejection of the instant mitigating factors neither was equivalent to aggravating with those factors, nor was improper under *Conover*. Furthermore, we are aware of no support for the defendant's suggestion that a court may not properly consider whether to mitigate based upon a factor which is arguably implicit in the offense.

In his second argument, the defendant emphasizes that a clinical psychologist testifying for the defense had diagnosed the defendant as an "explosive personality." The psychologist opined that counseling and medication were not effective treatments for that condition. The psychologist also described both the experimental biofeed-

back and hypnosis treatment which he had been using on the defendant and the defendant's progress through that treatment. According to the psychologist, the experimental treatment could not be given to the defendant in custody, as the necessary equipment was not portable. The defendant also notes that both his father and his girlfriend testified that he had become more calm since beginning to receive the new treatment.

According to the defendant, his "explosive personality" was the cause of most of his past improper behavior. He argues that considering he has ended drug-related activities and progressed so significantly under the new psychological treatment not available in jail, the sentencing court struck an improper balance between the dual sentencing goals of protection of society and rehabilitation of the defendant. See *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

Sentencing is a matter for the discretion of the trial court; we will not disturb a sentencing decision unless it represents an abuse of discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

The defendant's Class 2 and Class 1 felony offenses were subject to prison sentences of between three and seven and between 4 and 15 years, respectively. In imposing the instant sentences, the court considered the evidence of the defendant's extensive juvenile and adult violations: a record of aggravated battery, aggravated assault, obstruction of service of process, resisting a peace officer, and numerous traffic violations, including two offenses of driving under the influence. The court also considered that the defendant's probation was revoked following an aggravated battery committed shortly after his release from custody and that the instant offenses were not the sort of violations explained by an "explosive personality." The court acknowledged that the defendant had recently sought a new treatment which he and his family felt might rehabilitate him, at least from some types of violations. However, the court ultimately determined both the likelihood of the defendant's compliance with probation and his rehabilitative potential with emphasis upon the defendant's past violative behavior. It concluded that the sentences imposed were necessary for the protection of the public. We find no basis upon which to disturb that conclusion.

Based on the foregoing, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.