THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD PARKER, Defendant-Appellant.

First District (3rd Division)    No. 1—04—1674

Opinion filed June 15, 2005.—Rehearing denied July 7, 2005.

Michael J. Pelletier and Joshua A. Tepfer, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, John E. Nowak, and Paul A. Ruscheinski, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HOFFMAN delivered the opinion of the court:

Following a jury trial, the defendant, Ronald Parker, was convicted of second degree murder and sentenced to a prison term of 20 years. On appeal, the defendant contends that he was denied a fair trial because the trial court failed to give the jury a general "not guilty" verdict form as required by Illinois Pattern Jury Instructions, Criminal, No. 26.01A (4th ed. 2000). For the reasons that follow, we affirm.

The defendant's conviction arose from the shooting death of Jonathan Derick Lemon on November 7, 2002. The defendant was charged with first degree murder and claimed that he acted in self-defense. His handwritten statement given to an assistant State's Attorney after his arrest revealed the following facts.

On November 7, 2002, the defendant had spoken to Javece Wilson to arrange a drug transaction that day. He stated that Wilson and Lemon, whom he did not know, picked him up and the three of them drove to the site of the proposed drug transaction. The defendant met with the intended buyer and, when he returned to the car, Wilson and Lemon began yelling at him about some money that he owed Wilson. They continued yelling at the defendant as he entered the car, and then Lemon turned toward the backseat of the car. The defendant stated that he "reacted" by pulling out his gun and raising it at Lemon's face. A struggle ensued between the defendant and Lemon, and Wilson attempted to assist Lemon before exiting the car. As they

continued to struggle, the defendant's "gun went off," and he then got into the driver's seat and drove off to look for Wilson. The defendant stated that, as he reached over to the passenger side of the car to look for his gun, Lemon moved and so the defendant shot him in his face.

At the instructions conference, the parties agreed that the jury would be instructed on first and second degree murder. The jury was given a number of instructions, including one based on Illinois Pattern Jury Instructions, Criminal, No. 7.06 (4th ed. 2000) (hereinafter cited to as IPI Criminal 4th, and referred to by the IPI No.) which states that, in order to sustain the charge of first or second degree murder, the State must prove three propositions; namely, that: (1) the defendant performed acts which caused Lemon's death; (2) in doing so, the defendant intended to kill or do great bodily harm to Lemon, knew that such acts would cause his death, or knew that such acts created a strong probability of death or great bodily harm; and (3) the defendant was not justified in using the force. The instruction further states:

> "If you find from your consideration of all of the evidence that any one of these propositions has not been proved beyond a reasonable doubt, your deliberations on these charges should end and you should return a verdict of not guilty of first degree murder.
>
> If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, then you should go on with your deliberations to decide whether a mitigating factor has been proved so that the Defendant is guilty of the lesser offense of second degree murder instead of first degree murder.
>
> You may not consider whether the Defendant is guilty of the lesser offense of second degree murder until and unless you have first determined that the State has proved beyond a reasonable doubt each of the previously stated propositions."

The jury was also instructed based on IPI No. 26.01A, which reads in pertinent part: "you will be provided with three verdict forms: [1] 'not guilty', [2] 'guilty of first degree murder', and [3] 'guilty of second degree murder'." Although the jury was given the latter two verdict forms, it was not given the first general "not guilty" form; rather, it received a verdict form stating "not guilty of first degree murder."

Following deliberations, the jury found the defendant guilty of second degree murder and he was sentenced to a prison term of 20 years. The defendant subsequently filed a motion to reconsider his sentence, which the trial court denied. He now appeals.

The defendant contends that he was denied a fair trial because the circuit court failed to give the jury a general "not guilty" verdict form

as required by IPI No. 26.01A. He asserts that the trial court's failure to furnish the jury with this verdict form "deprived the jury of the option to fully acquit [him] of murder" and, therefore, his conviction should be reversed and the matter should be remanded for a new trial.

■ As an initial matter, the State argues that the defendant has waived review of this issue by failing to object to the alleged error at trial or raising it in his posttrial motion, both of which are required to preserve an issue for appeal. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124 (1988). The defendant responds that we should review his argument under the plain error rule. Recently, our supreme court in *People v. Herron*, 215 Ill. 2d 167 (2005), and *People v. Durr*, 215 Ill. 2d 283 (2005), discussed at length the application of the plain error rule in the context of an instructional error. The *Herron* court stated that the plain error rule bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error when either: (1) the evidence is close, regardless of the seriousness of the error; or (2) the error is serious, regardless of the closeness of the evidence. *Herron*, 215 Ill. 2d at 186-87. In the first instance, the defendant must prove "prejudicial error." *Herron*, 215 Ill. 2d at 187. By contrast, in the second instance, prejudice to the defendant is presumed because of the importance of the right involved, regardless of the strength of the evidence. In the latter situation, the defendant must prove that "there was plain error and that the error was so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *Herron*, 215 Ill. 2d at 187.

We cannot say that the evidence in this case is closely balanced. We do believe, however, that the alleged error was a fundamental one. See *Durr*, 215 Ill. 2d at 297 (jury instructions are recognized as implicating substantial rights). However, a defendant must still show that the alleged instructional error " 'create[d] a serious risk that the jurors incorrectly convicted the defendant because they did not understand the applicable law, so as to severely threaten the fairness of the trial.' " *Durr*, 215 Ill. 2d at 299, quoting *People v. Hopp*, 209 Ill. 2d 1, 8 (2004). In other words, the defendant in this case must show that there was a serious risk that the jurors convicted him because they did not understand that they had the option of acquitting him both of first and second degree murder. See *Durr*, 215 Ill. 2d at 299.

■ Supreme Court Rule 451(a) provides in pertinent part that, in criminal cases tried by a jury, the Illinois Pattern Jury Instructions "shall be used, unless the court determines that it does not accurately state the law." 177 Ill. 2d R. 451(a). When a jury is to be instructed only on first and second degree murder, as in the instant case, IPI No. 26.01A should be given which provides that a jury should be provided

with three verdict forms finding the defendant: (1) not guilty; (2) guilty of first degree murder; or (3) guilty of second degree murder. IPI Criminal 4th No. 26.01A; IPI Criminal 4th No. 26.01A, Committee Note, at 367. By contrast, when a jury is to be instructed on some other offense in addition to first and second degree murder, IPI No. 26.01B should be used which provides that a defendant may be found: (1) not guilty of first degree murder; (2) guilty of first degree murder; or (3) guilty of second degree murder. See IPI Criminal 4th No. 26.01B.

At the instructions conference in this case, the State tendered an instruction in accordance with IPI No. 26.01A which read in pertinent part: "you will be provided with three verdict forms[:] not guilty, guilty of first degree murder[,] and guilty of second degree murder." The record shows that the trial court read this instruction to the jury. The verdict forms actually read and given to the jury, however, stated that the defendant could be found "not guilty of first degree murder," "guilty of first degree murder," or "guilty of second degree murder." The jury was not given the general "not guilty" verdict form which the trial court orally stated that it would provide.

In *People v. Cross*, 272 Ill. App. 3d 354, 650 N.E.2d 1047 (1995), *overruled on other grounds, People v. Barney*, 176 Ill. 2d 69, 678 N.E.2d 1038 (1997), this court was confronted with the exact same instructional error. In that case, the defendant was charged with first degree murder and claimed that he acted in self-defense. As in this case, the trial court in *Cross* instructed the jury that it would receive verdict forms in accordance with IPI No. 26.01A (Illinois Pattern Jury Instructions, Criminal, No. 26.01A (3d ed. 1992) (hereinafter subsequent references to instructions from this edition cited to as "IPI Criminal 3d")), but it tendered the State's verdict forms which contained the "not guilty of first degree murder" option instead of the general "not guilty" verdict form. On appeal, the majority in *Cross* found that the trial court's failure to tender verdict forms consistent with IPI No. 26.01A undermined the reliability of the verdict and denied the defendant a fair trial, reasoning as follows:

"Lawyers and judges may understand that finding a defendant not guilty of first degree murder permits the jury to stop deliberations as to guilt right there. The jury in this case was not so instructed. Instead, it was directed to look for a form which the State said it would furnish, but did not, and the court instructed the jury would be provided, but was not. The circuit court's failure to give this instruction deprived the jury of considering an alternative to guilty of second degree murder, which the court said it would give, since the only 'not guilty' instruction given was that related to first degree murder, without any further explanation.

Prejudice to defendant under these circumstances should need no highlighting." *Cross*, 272 Ill. App. 3d at 361.

See also *People v. Kauffman*, 308 Ill. App. 3d 1, 719 N.E.2d 275 (1999) (adopting rationale from *Cross*). Accordingly, the defendant's conviction was reversed and the matter was remanded for a new trial.

The dissenting justice in *Cross* disagreed with the majority's position that the trial court's failure to give the jury a general "not guilty" verdict form constituted reversible error. Citing to the Committee Note to IPI No. 26.01B (IPI Criminal 3d No. 26.01B, Committee Note, at 349), the dissent noted that, under our statutory scheme, there can be no such verdict as "not guilty of second degree murder." The dissent observed that second degree murder is simply a lesser mitigated offense of first degree murder and concluded, contrary to the majority's opinion, that the jury was properly instructed pursuant to IPI No. 7.06A that, if it found that the elements of first degree murder were not proved beyond a reasonable doubt, it must find the defendant not guilty of first degree murder and its deliberations must end at that point. *Cross*, 272 Ill. App. 3d at 368 n.2 (DiVito, J., dissenting). As such, the dissent found that the jury was sufficiently instructed that it could acquit the defendant of both first and second degree murder, which essentially amounted to a general "not guilty" verdict. *Cross*, 272 Ill. App. 3d at 368-69 (DiVito, J., dissenting).

The defendant maintains that *Cross* is dispositive of the issue in this case and we must likewise reverse his conviction and remand the matter for a new trial. The State, on the other hand, maintains that, although the jury was not given the general "not guilty" verdict form in accordance with IPI No. 26.01A, the instructions, taken as a whole, gave the jury the opportunity to acquit the defendant of both first and second degree murder and, as a consequence, the defendant cannot establish plain error. In making its argument, the State essentially adopts the position advanced by the dissenting opinion in *Cross*. We agree with the State on this point.

■ Although the trial court erred in failing to give the jury a general "not guilty" verdict form as it orally stated it would provide, we conclude that this error was *de minimis* and did not result in "fundamental unfairness" or cause a "severe threat" to the fairness of the defendant's trial. See *Durr*, 215 Ill. 2d at 302. As will be discussed more fully below, we do not find the majority's reasoning in *Cross* to be compelling and, on this basis, we respectfully decline to follow that case. Instead, we adopt the reasoning advanced in the dissent and find that the trial court's failure to give the jury a general "not guilty" verdict form consistent with IPI No. 26.01A in this case did not amount to reversible error. See *Durr*, 215 Ill. 2d at 301-02. (absent reversible error, there can be no plain error).

Our supreme court in *People v. Jeffries*, 164 Ill. 2d 104, 122, 646 N.E.2d 587 (1995), made clear that second degree murder is not a lesser included offense of first degree murder. Rather, it is more accurately described as a "lesser mitigated offense" of first degree murder. (Emphasis omitted.) *Jeffries*, 164 Ill. 2d at 122. The elements of first and second degree murder are identical. *Kauffman*, 308 Ill. App. 3d at 10. What distinguishes the two offenses is the presence of specific mitigating circumstances which reduces first degree murder to second degree murder. *Jeffries*, 164 Ill. 2d at 122. Only when a trier of fact has found that the State has proven each of the elements of first degree murder beyond a reasonable doubt may it then consider whether a mitigating factor has been established that would reduce first degree murder to second degree murder. *Jeffries*, 164 Ill. 2d at 124; *Kauffman*, 308 Ill. App. 3d at 10.

The majority in *Cross* concluded that the defendant was prejudiced because the jury was not instructed "that finding a defendant not guilty of first degree murder permits [*sic*] the jury to stop deliberations as to guilt right there." *Cross*, 272 Ill. App. 3d at 361. However, as noted in the dissent, the jury in *Cross* was properly instructed as to the process it was required to follow to acquit the defendant of first or second degree murder, or find him guilty of either of the charges. Similarly, the jury in the instant case was given IPI No. 7.06,[1] which states that, if the State fails to prove the elements of first degree murder beyond a reasonable doubt, it must find the defendant not guilty of first degree murder and its deliberations as to guilt must end there. The jury was further instructed that, only after the State first proves the defendant guilty of first degree murder may the jury proceed to consider whether the defendant met his burden of proving the existence of a mitigating factor to reduce the offense from first degree murder to second degree murder. This instruction makes clear that, if the jury finds that the defendant is not guilty of first degree murder, implicitly, he cannot be found guilty of second degree murder, thereby resulting in an acquittal of both offenses. As noted in the dissent in *Cross*, however, there is no such verdict as "not guilty of second degree murder" under our present statutory scheme. The Committee Note to IPI No. 26.01B makes this point clear:

"The Committee considered and rejected the idea of making one

---

[1]IPI No. 7.06A given in *Cross* is renumbered as IPI Criminal No. 7.06 in the most recent edition of the Illinois Pattern Jury Instructions. Although these instructions contain virtually the same language, contrary to the State's assertion, the record shows that IPI No. 7.06, not IPI No. 7.06A, was given in the instant case.

of the verdict forms read, 'not guilty of first degree murder and not guilty of second degree murder.' Under the present statutory scheme concerning homicide offenses, there can be no such verdict as, 'not guilty of second degree murder.' [Citations.] Only after the State has first proved the defendant guilty of first degree murder may the jury consider whether the defendant has met his burden of proving the existence of a mitigating factor to reduce his crime to the lesser offense of second degree murder. Thus, a finding by the jury that the defendant is not guilty of first degree murder bars the jury from considering second degree murder at all." IPI Criminal 4th No. 26.01B, Committee Note, at 370.

We are mindful that the majority in *Cross* criticized the dissent's reference to the Committee Note to IPI No. 26.01B because that was not the proper instruction to be used in the case. *Cross*, 272 Ill. App. 3d at 361. However, we believe that the dissent's reference to the Committee Note was merely to point out that a defendant cannot be found "not guilty of second degree murder" and a jury may only consider whether mitigating factors exist to reduce first degree murder to second degree murder after the State has proven the elements of first degree murder in the first instance. In light of the specific directions in IPI No. 7.06, we believe that no confusion resulted from the trial court's failure to give the jury a general "not guilty" verdict form in accordance with IPI No. 26.01A (but see *Kauffman*, 308 Ill. App. 3d at 16). Because the jury was sufficiently instructed that it could acquit the defendant of both first and second degree murder, we conclude that the defendant cannot show that the *de minimis* instructional error resulted in fundamental unfairness or caused a "severe threat" to the fairness of his trial.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

KARNEZIS, P.J., and SOUTH, J., concur.