Docket No. 101064.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RONALD PARKER, Appellant.

*Opinion filed December 21, 2006.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Following a jury trial in the circuit court of Cook County, defendant, Ronald Parker, was convicted of second degree murder (720 ILCS 5/9–2(a)(2) (West 2002)) and sentenced to 20 years' imprisonment. On appeal, defendant contended he was denied a fair trial because the trial court improperly instructed the jury and failed to give the jury a general "not guilty" verdict form as required by Illinois Pattern Jury Instructions, Criminal, No. 26.01A (4th ed. 2000) (hereinafter IPI Criminal 4th). The appellate court affirmed defendant's conviction, holding that although the trial court erred in failing to give the jury a general "not guilty" verdict form, the error was *de minimis* and did not result in fundamental unfairness. 358 Ill. App. 3d 371.

We allowed defendant's petition for leave to appeal. 177 Ill. 2d R. 315. We now affirm.

## BACKGROUND

Following a jury trial, defendant, Ronald Parker, was found guilty of second degree murder (720 ILCS 5/9–2(a)(2) (West 2002)) in the shooting death of Jonathan Derrick Lemon. The trial court sentenced him to 20 years' imprisonment. Defendant contended on appeal that the trial court failed to give the jury a general "not guilty" verdict form as required by IPI Criminal 4th No. 26.01A; it erred in instructing the jury on the burden of proof; it failed to instruct the jury on the definition of "preponderance of the evidence"; and it issued inconsistent and contradictory instructions, thus denying him a fair trial.

We review the background of only those jury instructions at issue in this appeal. At the jury instruction conference, the parties agreed the jury would be instructed on first and second degree murder, with an instruction based on IPI Criminal 4th No. 2.01A. That instruction, submitted by defense counsel, stated that defendant is charged with first degree murder, that he has pleaded not guilty, and "[u]nder the law, a person charged with first degree murder may be found not guilty; or guilty of first degree murder; or guilty of second degree murder." In tendering IPI Criminal 4th No. 2.01A, defense counsel indicated he was submitting the instruction because "they [the jury] have to find first the Defendant satisfied certain elements, and then if they find he's committed First Degree Murder, then they can go to the next step of Second Degree Murder."

The State submitted IPI Criminal 4th No. 2.03 on the presumption of innocence and the State's burden of proof. Defense counsel indicated "No objection."

Defense counsel tendered IPI Criminal 4th No. 7.05, defining "mitigating factor." The court instructed the jury that a mitigating factor reduces the offense of first degree murder to the lesser offense of second degree murder.

Defense counsel tendered the issues instruction, IPI Criminal 4th No. 7.06. The State initially objected, but then joined in the tender. The trial court instructed the jury, pursuant to IPI Criminal 4th No.

-2-

7.06, that to sustain the charge of first or second degree murder the State must prove that (1) defendant performed acts that caused Lemon's death; (2) defendant intended to kill or do great bodily harm to Lemon, or knew that his acts would cause Lemon's death, or knew that his acts created a strong probability of death or great bodily harm; and (3) defendant was not justified in using the force. The trial court further instructed, in accordance with IPI Criminal 4th No. 7.06:

> "If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, your deliberations on these charges should end, and you should return a verdict of not guilty of first degree murder.

> If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, then you should go on with your deliberations to decide whether a mitigating factor has been proved so that the defendant is guilty of the lesser offense of second degree murder instead of first degree murder.

> You may not consider whether the defendant is guilty of the lesser offense of second degree murder until and unless you have first determined that the State has proved beyond a reasonable doubt each of the previously stated propositions.

> * * *

> If you find from your consideration of all the evidence that the defendant has proved by a preponderance of the evidence that a mitigating factor is present so that he is guilty of the lesser offense of second degree murder instead of first degree murder, you should find the defendant guilty of second degree murder.

> If you find from your consideration of all the evidence that the defendant has not proved by a preponderance of the evidence that a mitigating factor is present so that he is guilty of the lesser offense of second degree murder instead of first degree murder, you should find the defendant guilty of first degree murder."

When the State tendered IPI Criminal 4th No. 26.01A, defense counsel stated "No objection" twice. The court accordingly instructed

the jury it would be provided with "three verdict forms: 'not guilty', 'guilty of first degree murder', and 'guilty of second degree murder.' " Defense counsel also affirmatively indicated "No objection" to the State's tendered IPI Criminal 4th No. 26.02, stating: "We, the jury, find the defendant Ronald Parker not guilty of first degree murder of Jonathan Derrick Lemon."

The jury was then provided with the following three verdict forms: (1) not guilty of first degree murder; (2) guilty of first degree murder; and (3) guilty of second degree murder. During its deliberations, the jury sent a note to the court, stating: "We find a mitigating circumstance for the first shot[.] [D]oes it apply to the second shot? If not[,] can we find 1st degree on the 2nd shot[?]" After consultation with the parties, the trial court responded: "You have the evidence and instructions. Continue to Deliberate." The jury subsequently found defendant guilty of second degree murder. Defendant did not raise any jury instruction issues in his motion for a new trial.

The appellate court affirmed defendant's conviction, holding that although the trial court erred in failing to give the jury a general "not guilty" verdict form, the error was *de minimis* and did not result in fundamental unfairness or cause a severe threat to the fairness of defendant's trial. 358 Ill. App. 3d 371. The appellate court denied defendant's petition for rehearing.

ANALYSIS

Defendant argues the appellate court erred in not finding plain error in the trial court's failure to tender a general "not guilty" verdict form to the jury. Defendant contends the trial court error was compounded when it improperly instructed the jury on the burden of proof and the definition of "preponderance of evidence," and issued inconsistent and contradictory instructions.

As defendant correctly notes, the purpose of jury instructions is to provide the jury with correct legal principles that apply to the evidence, thus enabling the jury to reach a proper conclusion based on the applicable law and the evidence presented. *People v. Novak*, 163 Ill. 2d 93, 115-16 (1994). We first examine the jury instructions to determine any error.

Defendant argues that IPI Criminal 4th No. 26.01A requires, and the committee note to IPI Criminal 4th No. 26.02 requires, that a general "not guilty" form be used when a jury is instructed on first and second degree murder. Moreover, Supreme Court Rule 451(a) provides that when the IPI Criminal contains an applicable instruction, it "shall be used, unless the court determines that it does not accurately state the law." 210 Ill. 2d R. 451(a).

Here, the issue of whether the jury instructions accurately conveyed to the jury the applicable law is reviewed *de novo*. *People v. Herron*, 215 Ill. 2d 167, 174 (2005). We must determine whether the instructions, taken as a whole, fairly, fully, and comprehensively apprised the jury of the relevant legal principles. *People v. Terry*, 99 Ill. 2d 508, 516 (1984) ("Instructions in criminal cases must be read as a whole. 'It is sufficient if the series of instructions, considered as a whole, fully and fairly announce the law applicable to the respective theories of the People and the defense' "), quoting *People v. Kolep*, 29 Ill. 2d 116, 125 (1963). Jury instructions are intended to guide the jury in its deliberations and to assist the jury in reaching a proper verdict through application of legal principles to the evidence and law. *People v. Hester*, 131 Ill. 2d 91, 98 (1989). Jury instructions should be construed as a whole, rather than read in isolation. *People v. Ward*, 187 Ill. 2d 249, 265 (1999).

When, as here, a jury is to be instructed only on first and second degree murder, IPI Criminal 4th No. 26.02 requires that the jury be given a general "not guilty" verdict form. IPI Criminal 4th No. 26.02, Committee Note. When the jury is to be instructed on some other charge or charges, in addition to first and second degree murder, IPI Criminal 4th requires that specific "not guilty of first degree murder" forms be used. See IPI Criminal 4th No. 7.06, Committee Note, at 206 ("Use bracketed language '[of first degree murder]' and '[on these charges]' when the jury will be instructed on other offenses in addition to first degree murder and second degree murder"); see also IPI Criminal 4th No. 7.06, Committee Note. Obviously, a specific not-guilty verdict form must be given when a jury is instructed on charges in addition to first and second degree murder because the additional charges will require separate specific not guilty verdict forms. IPI Criminal 4th No. 26.02, Committee Note, at 452.

Defendant relies on *People v. Cross*, 272 Ill. App. 3d 354 (1995), *overruled on other grounds*, *People v. Barney*, 176 Ill. 2d 69 (1997), in support of his argument that his conviction should be reversed and the matter remanded for a new trial. In *Cross*, the appellate court held that the trial court's failure to give the jury a general "not guilty" verdict form when the jury was instructed only on first and second degree murder undermined the reliability of the verdict and denied the defendant a fair trial. The *Cross* court reasoned:

> "Lawyers and judges may understand that finding a defendant not guilty of first degree murder permits the jury to stop deliberations as to guilt right there. The jury in this case was not so instructed. Instead, it was directed to look for a form which the State said it would furnish, but did not, and the court instructed the jury would be provided, but was not. The circuit court's failure to give this instruction deprived the jury of considering an alternative to guilty of second degree murder, which the court said it would give, since the only 'not guilty' instruction given was that related to first degree murder, without any further explanation. Prejudice to defendant under these circumstances should need no highlighting." *Cross*, 272 Ill. App. 3d at 361.

The appellate court therefore reversed the defendant's conviction and remanded for a new trial. *Cross*, 272 Ill. App. 3d at 365.

The dissent in *Cross* disagreed with the majority that the trial court's failure to give a general "not guilty" verdict form constituted reversible error. *Cross*, 272 Ill. App. 3d at 368-69 (DiVito, J., dissenting). The dissent observed that second degree murder is simply a lesser mitigated offense of first degree murder and concluded that the jury was properly instructed pursuant to IPI Criminal 3d No. 7.06A (Illinois Pattern Jury Instructions, Criminal, No. 7.06A (3d ed. 1992))[1] that if it found the elements of first degree murder were not proved beyond a reasonable doubt, it must find the defendant not guilty of first degree murder and its deliberations must end. *Cross*, 272

---

[1]IPI Criminal 3d No. 7.06A was renumbered as IPI Criminal 4th No. 7.06 in the most recent edition of the Illinois Pattern Jury Instructions and contains virtually the same language.

Ill. App. 3d at 368 n.2 (DiVito, J., dissenting). The dissent found the jury was sufficiently instructed that it could acquit the defendant of both first and second degree murder, essentially amounting to a general "not guilty" verdict. Accordingly, the dissent concluded that the specific "not guilty of first degree murder" verdict form was a "valid verdict form, even if the giving of a general not guilty form was both preferable and required by No. 26.01A." *Cross*, 272 Ill. App. 3d at 368-69 (DiVito, J., dissenting).

Defendant also relies on *People v. Kauffman*, 308 Ill. App. 3d 1 (1999), to support his position that failure to tender a general "not guilty" verdict form was erroneous. In *Kauffman*, the defendant was convicted of second degree murder. The jury in *Kauffman* was instructed pursuant to IPI Criminal 3d Nos. 2.01A, 7.06A, and 26.01B, and not given a general "not guilty" verdict form. The *Kauffman* court explained that the "A" and "B" series from IPI Criminal 3d Nos. 2.01 and 26.01 are incompatible. *Kauffman*, 308 Ill. App. 3d at 15. In other words, whenever the "A" series is used from IPI Criminal 3d No. 2.01, then the "A" series from IPI Criminal 3d No. 26.01 must be given, and whenever IPI Criminal 3d No. 2.01B is given, then IPI Criminal 3d No. 26.01B must be given. *Kauffman*, 308 Ill. App. 3d at 16. The *Kauffman* court acknowledged that IPI Criminal 3d No. 7.06A was given, but that the instruction was insufficient to cure any jury confusion that may have resulted from the conflicting "A" and "B" series instructions. *Kauffman*, 308 Ill. App. 3d at 16. The *Kauffman* court also relied on the conclusion in *Cross* that failure to issue a "not guilty" verdict form " 'deprived the jury of considering an alternative to guilty of second degree murder.' " *Kauffman*, 308 Ill. App. 3d at 15, quoting *Cross*, 272 Ill. App. 3d at 361.

The appellate court in this case declined to follow *Cross* and *Kauffman* and, instead, relying on the reasoning of the *Cross* dissent, determined that the trial court's failure to give the jury a general "not guilty" verdict form was a *de minimis* error that did not result "in fundamental unfairness or cause a [ ] 'severe threat' to the fairness of [the defendant's] trial." 358 Ill. App. 3d at 378. Accordingly, the appellate court concluded that no confusion resulted from the trial court's failure to give the jury a general "not guilty" verdict form. 358 Ill. App. 3d at 378.

While we agree with the reasoning of the appellate court, we disagree with its conclusion that error occurred. Here, both defense counsel and the State tendered specific "not guilty of first degree murder" instruction forms, except for the concluding instruction, IPI Criminal 4th 26.01A, informing the jury that they would receive a general "not guilty" verdict form, and 2.01A, informing the jury that defendant may be found "not guilty." While the instructions and verdict form did not strictly follow the IPI Criminal format, the forms were all proper statements of applicable law.

This court has made clear that second degree murder is a lesser mitigated offense of first degree murder. *People v. Jeffries*, 164 Ill. 2d 104, 122 (1995). Only after the State proves the elements of first degree murder may a defendant seek to mitigate the charge to second degree murder. *Jeffries*, 164 Ill. 2d at 122. The logical corollary is that a defendant need not seek to mitigate first degree murder if that offense is not proven because guilt of first degree murder is an element of the crime of second degree murder. 720 ILCS 5/9–2(a) (West 2002). Accordingly, the use of the specific "not guilty of first degree murder" verdict form makes logical sense.

Furthermore, IPI Criminal 4th No. 7.06, jointly tendered by defense counsel and the State, specifically told the jury that if the State failed to prove any one of the propositions, "your deliberations on these charges should end, and you should return a verdict of not guilty of first degree murder." Thus, a finding that the defendant is not guilty of first degree murder bars the jury from considering second degree murder, and the jury verdict form of "not guilty of first degree murder" would unambiguously establish the jury's intention to acquit on all charges.

Defendant also relies on *People v. Durr*, 215 Ill. 2d 283 (2005). In *Durr*, the defendant was convicted of three counts of predatory criminal sexual assault and one count of aggravated kidnaping. On appeal, the defendant argued that the trial court erred in giving a nonpattern jury instruction and effectively denied the jury the option of fully acquitting him of all charges. This court concluded that the trial court did err when it gave a non-IPI instruction. *Durr*, 215 Ill. 2d at 302. However, this court held that the error was *de minimis* because the instruction reflected the appropriate IPI structure and specifically advised the jurors they could find the defendant not guilty

of the greater offense and each of the lesser-included offenses. *Durr*, 215 Ill. 2d at 301. This court reasoned:

> "If the instructions given the jury had denied the jury the option of returning a general 'not guilty' verdict, as defendant contends, a significant structural error would have occurred for purposes of our rules, substantial rights would in fact have been violated, and the fairness and integrity of the trial process would have been compromised. However, that is not what happened in this case." *Durr*, 215 Ill. 2d at 302.

Defendant argues that the hypothetical scenario this court outlined in *Durr* is what occurred in this case. We disagree with defendant. As we have explained, a verdict of "not guilty of first degree murder" precludes a finding that defendant is guilty of second degree murder, and the instructions gave the jury the option of acquitting defendant by signing the "not guilty of first degree murder" verdict form.

Significantly, defense counsel told the trial court that IPI Criminal 4th No. 7.06 should be given to the jury because they would understand that "if they find he's committed First Degree Murder, then they can go to the next step of Second Degree Murder." Even defense counsel effectively understood that a verdict of "not guilty of first degree murder" precluded the jury from considering second degree murder.

Thus, the *Cross* court erroneously concluded that second degree murder is an alternative to first degree murder. We reiterate, second degree murder is a lesser mitigated offense of first degree murder. *Jeffries*, 164 Ill. 2d at 122. Accordingly, we agree with and adopt the reasoning of the *Cross* dissent and, to the extent that *Cross* has remained viable, despite being previously overruled on other grounds, we expressly overrule *Cross*.

We further find *Kauffman* distinguishable as the jury in this case was consistently and properly instructed in accordance with the "A" series of IPI Criminal 3d Nos. 2.01 and 26.01. However, to the extent that *Kauffman* relied on *Cross*, we overrule that part of *Kauffman*.

Defendant argues that this court chose not to overrule *Cross* when given the opportunity in *People v. Villarreal*, 198 Ill. 2d 209 (2001). As aptly pointed out by the State, this court did not review or approve of *Cross*, but simply noted that the jury in *Villarreal* received the

verdict forms corresponding to their instructions, thus avoiding the situation found to warrant reversal in *Cross*. This court simply did not address the issues raised in *Cross* because they were not an issue in *Villarreal*.

We find no merit in defendant's argument that the jury was given inconsistent instructions. We find no inconsistency in the instructions where the terms "not guilty" and "not guilty of first degree murder" were used interchangeably. The record clearly refutes defendant's claim that the instructions were confusing. There is no indication in the record that the instructions caused any confusion to the jury. To the contrary, the record reveals that the jury completely understood the trial court's instructions when it posed the following question during its deliberation:

> "We find a mitigating circumstance for the first shot[.] [D]oes it apply to the second shot? If not[,] can we find 1st degree on the 2nd shot[?]"

The jury obviously followed the step-by-step instructions set forth in IPI Criminal 4th No. 7.06.

Moreover, the record indicates defendant waived any jury instruction issues by affirmatively agreeing to all instructions as submitted to the jury. At the jury instruction conference, the parties agreed on the instructions that would be given to the jury. Defendant further did not include the matter in his posttrial motion, and his failure results in a procedural default of the issue on appeal. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988).

This court has recognized that "[t]he burden of preparing instructions is primarily on the parties and not the trial court." *People v. Barnard*, 104 Ill. 2d 218, 232 (1984). In *Barnard*, this court stated:

> "Generally, the trial court is under no obligation either to give instructions or to rewrite instructions tendered by counsel. A party may not raise on appeal the failure to give an instruction unless he shall have tendered it. [Citation.]" *Barnard*, 104 Ill. 2d at 232.

Here, as pointed out by the State, defendant did not tender a general "not guilty" verdict form. Rather, when the State tendered the specific "not guilty of first degree murder" verdict form during the jury instruction conference, defense counsel specifically replied, "No

objection." Defendant therefore waived any objection to the specific "not guilty of first degree murder" verdict form.

Defendant urges this court not to conclude that IPI Criminal 4th No. 7.06 could have cured any verdict form error because IPI Criminal 4th No. 7.06 was erroneous. Moreover, defendant argues that the trial court's use of IPI Criminal 4th No. 7.06 exacerbated the verdict form error because it rendered the instructions far more conflicting than those in *Cross*. Even if we were to conclude that any error occurred in instructing the jury in this case, it was defense counsel that submitted IPI Criminal 4th No. 7.06, and because defense counsel submitted the instruction, defendant cannot directly attack the instruction. *Villarreal*, 198 Ill. 2d at 227. "To allow defendant to object, on appeal, to the very verdict forms he *requested* at trial, would offend all notions of fair play." (Emphasis in original.) *Villarreal*, 198 Ill. 2d at 227. Accordingly, defendant invited any error by submitting IPI Criminal 4th No. 7.06 and agreeing to IPI Criminal 4th No. 26.02. See *People v. Carter*, 208 Ill. 2d 309, 319 (2003) ("Under the doctrine of invited error, an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error. [Citations.]").

Defendant also argues that the trial court failed to instruct the jury on the definition of "preponderance of the evidence" in accordance with IPI Criminal 4th No. 4.18. Defendant further contends that the trial court erred in instructing the jury on the general burden of proof pursuant to IPI Criminal 4th No. 2.03, instead of No. 2.03A instructing the jury on the specific burden of proof in first and second degree murder cases. As the State points out, IPI Criminal 4th No. 7.06 specifically instructed the jury on the definition of "preponderance of the evidence" and the specific burden of proof in first and second degree murder cases. Moreover, defendant did not tender IPI Criminal 4th No. 4.18 or 2.03A to the trial court and has forfeited this issue. *Herron*, 215 Ill. 2d at 175 ("Generally, a defendant forfeits review of any putative jury instruction error if the defendant does not object to the instruction or offer an alternative instruction at trial and does not raise the instruction issue in a posttrial motion. [Citations.]").

## CONCLUSION

Defendant has failed to show any error occurred in the trial court's instruction of the jury in this case. Even if we were to conclude that any error occurred in instructing the jury, defendant has invited the error and waived any objection. We therefore affirm the judgment of the appellate court affirming defendant's conviction.

*Affirmed.*