No. 3--08--0583
(Consolidated with No. 3--08--0780)

_____
Filed June 22, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
|     Plaintiff-Appellee, | ) ) | |
|     v. | ) ) | No. 08--CM--741 |
| WILLIAM L. HINTON, | ) ) | Honorable Bennett J. Braun, |
|     Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the opinion of the court:
_____

Following a jury trial, the defendant, William L. Hinton, was found guilty of violating an order of protection (720 ILCS 5/12--30 (West 2006)) and sentenced to 364 days in jail and fines and costs. The defendant appeals, contending that his conviction should be reversed because the State failed to prove that he had notice or knowledge of the order of protection. We reverse.

FACTS

The complaint charged the defendant with violating an order of protection by making contact with a protected residence on February 24, 2008. The subject order of protection was a plenary order that was entered on November 14, 2007, extending a previously issued emergency order of protection. The defendant

declined appointed counsel, and represented himself in the pretrial proceedings and the jury trial.

The evidence at trial consisted of two exhibits and the testimony of Will County Sheriff's Deputy James O'Halloran. The State's first exhibit was a certified copy of the emergency order of protection, which was issued on October 24, 2007. It ordered the defendant to stay away from 329 West Oak Avenue, Lockport, Illinois. It also ordered the defendant to stay away from protected persons George Hinton, the defendant's brother, and Mary Hinton, the defendant's mother. It provided that the emergency order was effective until November 14, 2007, and that there would be a hearing on the entry of a plenary/interim order of protection on that date. The first exhibit also contained a certified copy of the plenary order of protection, entered on November 14, 2007, extending the emergency order of protection under the same terms and conditions until November 13, 2009.

O'Halloran testified that he was dispatched to the residence at 329 West Oak Avenue on February 24, 2008. George informed O'Halloran that he had an order of protection against the defendant. O'Halloran contacted Will County communications and verified that there was an order of protection in effect. O'Halloran found the defendant in the basement of the residence and arrested him. O'Halloran testified that the State's second exhibit, which was a cover sheet for orders of protection kept in

2

the ordinary course of business by the sheriff's department, showed that the defendant was personally served on October 24, 2007, with the emergency order of protection while in the Will County jail. The defendant remained in jail until January 10, 2008. The defendant did not present any evidence.

The jury found the defendant guilty. The trial court sentenced the defendant to 24 months of conditional discharge, 364 days in the county jail, and fines and costs of $250. Subsequently, however, the defendant filed a petition for relief from judgment in the trial court, which was granted in part. The parties agreed that the original sentence was illegal, and the order of conditional discharge was vacated. The defendant appealed.

## ANALYSIS

The defendant contends that his conviction must be reversed because the State failed to prove that he had notice or knowledge of the extended, plenary, order of protection, as required by section 12--30(a)(2) of the Criminal Code of 1961 (Code) (720 ILCS 5/12--30(a)(2) (West 2006)). Although the defendant claims he is not contesting the facts and argues this court should review the matter *de novo* (See People v. Smith 191 Il. 2d 408, 732 N.E.2d 513 2000)), he is contesting the inferences that can be drawn from the evidence. Thus, the defendant's challenge is to the sufficiency of the evidence supporting the jury verdict.

3

When a defendant challenges the sufficiency of the evidence, the applicable standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. People v. Collins, 106 Ill. 2d 237, 478 N.E.2d 267 (1985). Under this standard, a reviewing court resolves all reasonable inferences in favor of the State. Collins, 106 Ill. 2d 237, 478 N.E.2d 267.

A person commits the offense of violating an order of protection when he commits an act prohibited by a valid order of protection and has been served notice of the contents of the order "or otherwise has acquired actual knowledge of the contents of the order." 720 ILCS 5/12--30(a)(2) (West 2006). Under section 223(d)(4) of the Illinois Domestic Violence Act of 1986, actual knowledge can be shown by service, notice, or "[b]y other means demonstrating actual knowledge of the contents of the order." 750 ILCS 60/223(d)(4) (West 2006). The defendant does not deny that he was found in the basement of the residence at 329 West Oak Avenue, which was subject to the stay away order of both the emergency and plenary orders of protection. Rather, the focus of defendant's argument is that he had no notice or actual knowledge of the plenary order of protection.

The State presented evidence that the defendant was personally served with the emergency order of protection while he

4

was in the Will County jail. The State also showed that the emergency order was extended on November 14, 2007. The State failed, however, to present any evidence to show that the defendant received notice of the plenary order. Although the emergency order warned the defendant that a plenary order could be entered against him by default if he failed to appear at the hearing, the defendant was still in jail on the date of the hearing. The State did not show that the defendant was brought to court for the hearing or that he was later served with notice of the plenary order.

The focus of our inquiry, then, is whether there was sufficient evidence for the jury to find that the defendant had otherwise acquired actual knowledge of the order of protection that he was charged with violating. People v. Ramos, 316 Ill. App. 3d 18, 735 N.E.2d 1094 (2000). In general, knowledge is the awareness of the existence of facts that make a defendant's conduct unlawful. People v. Gean, 143 Ill. 2d 281, 573 N.E.2d 818 (1991). Section 4--5(a) of the Code, defining knowledge, states that:

> "[a] person knows, or acts knowingly or with knowledge of:
>
> (a) The nature or attendant circumstances of his or her conduct, described by the statute defining the offense, when he is consciously aware that his conduct is of such nature

5

or that such circumstances exist.  Knowledge of a material fact includes awareness of the substantial probability such fact exists."  720 ILCS 5/4--5(a) (West 2006).

Section 12--30 of the Code (720 ILCS 5/12--30 (West 2006)) requires "actual knowledge," which is defined by Black's Law Dictionary as:

"Direct and clear knowledge, as distinguished from constructive knowledge[.] ***  Knowledge of such information as would lead a reasonable person to inquire further."  Black's Law Dictionary 876 (7th ed. 1999).

The State argues that the defendant had constructive knowledge of the plenary order of protection.  Constructive knowledge, however, is defined as:

"[k]nowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person."  Black's Law Dictionary 876 (7th ed. 1999).

Considering the definitions of actual and constructive knowledge, and the legislature's specific use of the word "actual," we find that proof of constructive knowledge is insufficient under section 12--30 of the Code.

The question remains, then, whether the State's evidence proved that the defendant actually knew about the plenary order, i.e., whether there was evidence that showed that the defendant

6

was aware that the plenary order had been entered or that there was at least a substantial probability that the order had been entered, which would have led a reasonable person to inquire further.

Actual knowledge can be, and is often, proven by circumstantial evidence. People v. Austin, 123 Ill. App. 3d 788, 463 N.E.2d 444 (1984). "Circumstantial evidence is proof of facts or circumstances that give rise to reasonable inferences of other facts that tend to establish guilt or innocence of the defendant." People v. Saxon, 374 Ill. App. 3d 409, 417, 871 N.E.2d 244, 251 (2007). Whether based on circumstantial or direct evidence, however, the inference of knowledge must "based on established facts and not pyramided on an intervening inference." People v. Pinta, 210 Ill. App. 3d 1071, 1078, 569 N.E.2d 1255, 1260 (1991). Proof of actual knowledge cannot be based on circumstances that give rise only to conjecture and suspicion.

In this case, even construing the evidence in the light most favorable to the prosecution, we cannot find sufficient facts to support the jury's finding that the defendant had actual knowledge of the November 14, 2007, plenary order of protection. The evidence at trial was limited to a showing that the defendant had notice of the emergency order, so that he knew that a plenary order could be entered after the hearing on November 14, 2007.

7

Although the plenary order was in fact entered, the State offered no evidence of facts that would tend to show the defendant's knowledge that the order was entered. The State had the burden to present some evidence from which the jury could find that the defendant was aware and conscious of the order of protection, i.e., that he had actual knowledge. Thus, we conclude that there was insufficient evidence for the jury to find beyond a reasonable doubt that the defendant knew that the plenary order had been entered and was in full force and effect on the date he entered the protected residence.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

Reversed.

LYTTON and WRIGHT, J. J. concurring.