# ILLINOIS OFFICIAL REPORTS

*People v. Hoffman*, 2012 IL App (2d) 110462

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER T. HOFFMAN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0462 |
| Filed | October 31, 2012 |
| Rehearing denied | December 21, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court did not err in refusing to give defendant's proposed nonpattern instruction stating that he could be found guilty of violating an order of protection only if the jury determined that he acted with knowledge and intent where the applicable pattern instructions were given. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 08-CM-5362; the Hon. Linda S. Abrahamson, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Thomas A. Lilien and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Terry A. Mertel and Laura E. DeMichael, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion. Justices Zenoff and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1    In violation of the explicit terms of an order of protection, defendant, Christopher T. Hoffman, sent text messages to his estranged wife concerning matters such as a family vacation, tickets to a concert, and the broadcast of a movie on television. Based on these acts, defendant was charged with violating the order of protection (720 ILCS 5/12-30(a) (West 2008)). A jury was impaneled, and, following the close of all of the evidence, the jury was given the Illinois Pattern Jury Instructions (IPI) that apply in cases where a defendant is charged with violating an order of protection. The jury was not given the non-IPI instruction that defendant proposed, which specifically indicated that he could be found guilty of violating the order of protection only if the jury found that he acted with knowledge and intent. The jury found defendant guilty, and he moved for a judgment notwithstanding the verdict (725 ILCS 5/116-1 (West 2008)), arguing, among other things, that the jury should have been given his proposed non-IPI instruction. The trial court denied the motion and sentenced defendant to, among other things, 24 months of probation. Defendant timely appeals, claiming that the jury should have been given his proposed non-IPI instruction. We disagree, and, thus, we affirm.

¶ 2    The facts relevant to resolving this appeal are as follows. Jacquelynn Hoffman, defendant's estranged wife, testified that she had an interim order of protection against defendant and that, when that order was entered, defendant had agreed to its terms. According to the order of protection, defendant could contact Jacquelynn only about matters concerning the parties' children, visitation with the children, and the Internet connection that Jacquelynn and the children shared.

¶ 3    Between August 21, 2008, and August 23, 2008, defendant contacted Jacquelynn at least seven times. In text messages defendant sent to Jacquelynn during that time, defendant asked to come to the marital home where Jacquelynn and the children lived so that he could retrieve various items. Additionally, in these text messages, defendant expressed his dissatisfaction with Jacquelynn involving her attorney in the parties' legal matters, advised Jacquelynn that he had two tickets to a concert that he could give to her, proposed that the parties and their children go on a vacation together, encouraged Jacquelynn to watch a movie

-2-

that was being televised, and told Jacquelynn, against his attorney's advice, how his attorney planned to defend him. At the end of many of these text messages, defendant expressed his love for Jacquelynn. When asked how she felt when she received these messages, Jacquelynn testified that the messages were harassing and that she felt threatened by them.

¶ 4 Officer William Holmeyer testified that he was on duty at the front desk of the police department when Jacquelynn came to the police station to turn over custody of the parties' children to defendant for visitation. At that time, Jacquelynn told Officer Holmeyer about the text messages she had received from defendant. Officer Holmeyer examined the content of the text messages and reviewed the interim order of protection. Thereafter, defendant arrived at the police station, and Officer Holmeyer asked defendant about the text messages he had sent to Jacquelynn. Defendant admitted that he had sent the text messages, and he told Officer Holmeyer that he knew the messages were "outside the bounds of" the interim order of protection.

¶ 5 During the jury instruction conference, the State offered jury instruction No. 14, which was based on Illinois Pattern Jury Instructions, Criminal, No. 11.78 (4th ed. 2000) (hereinafter, IPI Criminal 4th No. 11.78). That instruction provided:

"To sustain a charge of violation of an order of protection, the State must prove the following propositions:

*First proposition*: That [defendant] contacted Jacquelynn Hoffman; and

*Second proposition*: That an order of protection prohibited [defendant] from committing that act; and

*Third proposition*: That the order of protection was in effect at the time [defendant] contacted Jacquelynn Hoffman; and

*Fourth proposition*: That at the time [defendant] contacted Jacquelynn Hoffman, he had been served notice of the contents of an order of protection or otherwise had actual knowledge of the contents of the order.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of the propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

¶ 6 Defendant offered an alternative to this instruction. That instruction stated:

"To sustain the charge of violation of an order of protection, the State must prove the following propositions, beyond a reasonable doubt:

1) That [defendant] committed an act that was prohibited by a trial court in a valid order of protection, entered pursuant to the provisions of the Illinois Domestic Violence Act of 1986 [(750 ILCS 60/101 *et seq.* (West 2008))].

AND

2) Such act occurs after [defendant] had been served notice of the contents of the order, or otherwise had acquired knowledge of the contents of the order.

AND

3) As the offense of violating an order of protection is *not* a strict liability offense, the State is also required to prove, beyond a reasonable doubt, both **actus reas** [*sic*], Latin for a 'guilty act,' and **mens rea**, Latin for a 'guilty mind.' A guilty mind is often referred to by the layman as 'criminal intent,' or knowingly [and] intentionally committing a criminal act.

If you find from your consideration of all of the evidence that each one of the above 3 conditions has been proven, beyond a reasonable doubt, then you should make the finding of fact that the defendant is guilty as charged.

If you find from your consideration of all of the evidence that any one of the above 3 conditions has not been proven, beyond a reasonable doubt, then you should make the finding of fact that the defendant is not guilty." (Emphases in original.)

¶ 7 Over defendant's objection, the trial court determined that the State's instruction should be given instead of defendant's. At the close of all of the evidence, the jury was given the State's instruction Nos. 13 and 14. Instruction No. 13, which was based on Illinois Pattern Jury Instructions, Criminal, No. 11.77 (4th ed. 2000) (hereinafter, IPI Criminal 4th No. 11.77), provided:

"A person commits the offense of Violation of an Order of Protection when, having been served notice of the contents of the Order of Protection or otherwise having actual knowledge of the contents of the order, he commits an act which was prohibited by a court in an order of protection."

¶ 8 At issue in this appeal is whether the trial court erred when it did not give the jury defendant's non-IPI instruction. "The function of jury instructions is to convey to the jury the correct principles of law applicable to the evidence so the jury can apply the proper legal principles to the facts and arrive at a proper conclusion based on the law and the evidence." *People v. Rebecca*, 2012 IL App (2d) 091259, ¶ 69. " 'In reviewing the adequacy of instructions, [the appellate] court must consider the jury instructions as a whole to determine whether they fully and fairly cover the law.' " *Id.* (quoting *People v. Nutall*, 312 Ill. App. 3d 620, 633 (2000)).

¶ 9 Illinois Supreme Court Rule 451(a) (eff. July 1, 2006) delineates when non-IPIs may be given. Specifically, that rule states:

"Whenever Illinois Pattern Jury Instructions, Criminal (4th ed. 2000) (IPI Criminal 4th), contains an instruction applicable in a criminal case, giving due consideration to the facts and the governing law, and the court determines that the jury should be instructed on the subject, the IPI Criminal 4th instruction *shall* be used, unless the court determines that it does not accurately state the law." (Emphasis added.) *Id.*

See also *Rebecca*, 2012 IL App (2d) 091259, ¶ 69.

¶ 10 "The decision to give or refuse a non-IPI instruction is a matter within the sound discretion of the trial court." *Id.* "An abuse of discretion occurs in refusing to give a non-IPI instruction where there is no IPI instruction applicable to the subject and the jury was left to deliberate without proper instructions." *Id.* "Refusal to give a non-IPI instruction does not

constitute an abuse of discretion if there is an applicable IPI instruction and/or the essence of the refused instruction is covered by the instruction given." *Id.*

¶ 11    Here, defendant argues that his non-IPI instruction should have been given to the jury because the applicable IPI instructions do not accurately state the law. That is, defendant argues that the applicable IPI instructions are inaccurate because they do not indicate the mental state with which a defendant must act in order to be found guilty of violating an order of protection. We disagree.

¶ 12    In addressing defendant's argument, we begin by noting that criminal offenses generally are comprised of two components: (1) a voluntary act; and (2) a mental state. *People v. Martino*, 2012 IL App (2d) 101244, ¶ 13. Strict liability offenses are those that impose criminal liability on a defendant without providing that the defendant must have acted with a certain mental state when the crime was committed. See *People v. Langford*, 195 Ill. App. 3d 366, 368 (1990); see also 720 ILCS 5/4-9 (West 2008). As defendant correctly notes, violating an order of protection is not a strict liability offense. *People v. Davit*, 366 Ill. App. 3d 522, 525 (2006). Thus, in order to prove a defendant guilty of violating an order of protection, the State must prove both the voluntary act and the appropriate mental state. What defendant misses, however, is that the IPI instructions supply the jury with the mental state that is necessary to find a defendant guilty of violating an order of protection.

¶ 13    IPI Criminal 4th No. 11.77 and IPI Criminal 4th No. 11.78, which were the instructions given to the jury, are premised on section 12-30(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/12-30(a) (West 2008)). This section of the Code delineates the elements of the offense of violating an order of protection. Specifically, this section indicates that a defendant violates an order of protection when "[the] defendant (1) committed an act prohibited by an order of protection, or failed to commit an act ordered by an order of protection, and (2) he had been served notice of or otherwise acquired *actual knowledge* of the contents of the order." (Emphasis added.) *People v. Mandic*, 325 Ill. App. 3d 544, 547 (2001) (citing 720 ILCS 5/12-30(a) (West 2000)). As can easily be seen, the mental state required is that the defendant had "actual knowledge" that his acts were prohibited. *People v. Hinton*, 402 Ill. App. 3d 181, 183-84 (2010); see also 720 ILCS 5/4-5 (West 2008) (recognizing knowledge as a mental state).

¶ 14    In line with section 12-30(a) of the Code, IPI Criminal 4th No. 11.77 and IPI Criminal 4th No. 11.78 provide that, when a defendant acts in contravention of an order of protection, he may be found guilty of violating the order of protection if he had actual knowledge of the order of protection's terms. As relevant here, these instructions, when read together, advised the jury that, in order to find defendant guilty of violating the order of protection, the jury had to find that defendant was given notice of or otherwise had actual knowledge of the contents of the order of protection, that the order of protection prohibited defendant from contacting Jacquelynn, that defendant contacted Jacquelynn,[1] and that the order of protection was in effect when defendant contacted Jacquelynn. Thus, the instructions properly stated the law.

---

[1]Defendant does not assert that the instructions were defective for failing to specify that he had to have contacted Jacquelynn voluntarily, nor does he deny that he did so.

¶ 15       Defendant argues that the IPI instructions "only inform[ ] the jury [that] the defendant must have been served with the order of protection or had actual knowledge of the contents of the order." Defendant insists that "[k]nowledge of the contents of an order of protection and knowledge that a person is violating that order are two separate and distinct concepts, and the instruction[s] omit[ ] the latter concept." We believe that defendant's view presents a distinction without any real difference. When a defendant has knowledge of the contents of an order of protection, it necessarily follows that, when he does some act in contravention of the terms of the order of protection, he does so with knowledge that those acts are prohibited. See *Hinton*, 402 Ill. App. 3d at 185 (noting that the knowledge necessary to find a defendant guilty of violating an order of protection arises when the defendant is "aware and conscious of the order of protection").

¶ 16       Given that IPI Criminal 4th No. 11.77 and IPI Criminal 4th No. 11.78 correctly state the law applicable to a violation of an order of protection, we conclude that the trial court did not abuse its discretion when it refused to give the jury defendant's proposed non-IPI instruction.

¶ 17       For these reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 18       Affirmed.