**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200095-U

Order filed January 10, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-20-0095 |
| v. | ) ) | Circuit No. 18-CM-449 |
| JEFFREY A. MOFFITT, | ) ) ) | Honorable Terence M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Albrecht and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The State proved beyond a reasonable doubt that defendant received notice and had knowledge that the emergency order of protection was extended.

¶ 2    Defendant, Jeffrey A. Moffitt, was convicted of two counts of violating an order of protection (OP) (720 ILCS 5/12-3.4 (West 2018)). Defendant argues the State failed to prove beyond a reasonable doubt that he received notice or had knowledge that the emergency OP was extended. We affirm.

¶ 3                                              I. BACKGROUND

¶ 4          On November 19, 2018, the court issued an emergency OP which required defendant to refrain from contacting Jennifer Davis by written notes. The terms of the emergency OP were effective until December 10, 2018. A hearing on the entry of a plenary/interim OP was set for the same day. Defendant was served with the emergency OP.

¶ 5          On December 10, 2018, defendant appeared as a self-represented litigant for the hearing regarding the emergency OP. The emergency OP was extended. According to the docket entry, defendant was served with an order extending the emergency OP in open court.

¶ 6          On December 27, 2018, defendant was charged with two counts of unlawful violation of an OP for contacting Davis by placing two notes on the windshield of her car.

¶ 7          At trial, Davis, her daughter Abigail Davis, and her father Michael L. Davis each testified that they observed defendant place two notes on Jennifer Davis's car immediately after the December 10, court proceedings extending the emergency OP. Davis testified that she shared this observation with her lawyer who informed bailiff Bruce Mahaffey. Mahaffey testified that he retrieved the two notes from the windshield of Davis's car. Both notes were admitted into evidence. In one of the notes, defendant apologized to the court for breaking the no contact rule. Additionally, the emergency OP, the extension order, and a copy of the docket entries for both court proceedings were admitted into evidence. Defendant testified that he never received the order extending the emergency OP.

¶ 8          Defendant was convicted of two counts of violating an OP and sentenced to 24 months of probation and 180 days in jail on both counts to be served concurrently. Defendant filed a motion to reconsider sentence which the court denied. Defendant appeals.

¶ 9                                                II. ANALYSIS

¶ 10　　　　　Defendant argues that the State failed to prove him guilty of violating the extended emergency OP beyond a reasonable doubt because it failed to show he had notice of the extension of the order or otherwise obtained knowledge that the emergency OP had been extended.

¶ 11　　　　　When a defendant makes a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt*.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "[I]n weighing evidence, the trier of fact is not required to disregard inferences which flow normally from the evidence before it, nor need it search out all possible explanations consistent with innocence and raise them to a level of reasonable doubt." *People v. Jackson*, 232 Ill. 2d 246, 281 (2009). "When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant." *Collins*, 106 Ill. 2d at 261. Thus, "the reviewing court must allow all reasonable inferences from the record in favor of the prosecution." *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). "A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Belknap*, 2014 IL 117094, ¶ 67. We apply this standard of review "regardless of whether the evidence is direct or circumstantial." *People v. Norris*, 399 Ill. App. 3d 525, 531 (2010).

¶ 12　　　　　A person violates an OP when they knowingly commit an act prohibited by a court in an OP. 720 ILCS 5/12-3.4 (West 2018). The violation occurs after the offender has acquired actual knowledge of the contents of the order. *Id.* "[K]nowledge is the awareness of the existence of facts that make a defendant's conduct unlawful." *People v. Hinton*, 402 Ill. App. 3d 181, 184 (2010). Actual knowledge is often shown by circumstantial evidence. *Id.* at 185. "Circumstantial evidence

is proof of facts or circumstances that give rise to reasonable inferences of other facts that tend to establish guilt or innocence of the defendant." *People v. Saxon*, 374 Ill. App. 3d 409, 417 (2007). " 'An inference is a factual conclusion that can rationally be drawn by considering other facts.' " *Id.* at 416 (quoting *People v. Funches*, 212 Ill. 2d 334, 340 (2004)).

¶ 13 Allowing all reasonable inferences in favor of the prosecution (see, *Cunningham*, 212 Ill. 2d at 280), the record shows that defendant was served a copy of the initial emergency OP. Thereafter, defendant was present in court when the initial emergency OP was extended and was served in court with a copy of the order extending the emergency OP. *Cf. Hinton*, 402 Ill. App. 3d at 184 (the defendant was in jail on the date of the hearing and the State did not show that he was brought to court for the hearing or that he was later served with notice of the order). One of defendant's notes established his knowledge of the emergency OP, as he apologized to the court for breaking the no contact order. Therefore, the State proved beyond a reasonable doubt that defendant had knowledge that the emergency OP was extended.

¶ 14 III. CONCLUSION

¶ 15 The judgment of the circuit court of Henry County is affirmed.

¶ 16 Affirmed.